# **EXHIBIT A**

Thomas Alvord, #14119
10782 N La Costa
Cedar Hills, UT 84062
Telephone: (801) 735-1968
Email: thomasalvord@gmail.com
*Attorney for Plaintiff*

## IN THE FOURTH JUDICIAL DISTRICT COURT
## UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| Thomas Alvord<br><br>Plaintiff,<br><br>vs.<br><br>Quick Fi Capital Inc<br><br>Defendant | **SUMMONS**<br><br><br><br>Civil No.: 190400868<br>Judge: LYNN W DAVIS |

THE STATE OF UTAH TO:    **QUICK FI CAPITAL INC**
**755 Waverly Ave #216**
**Holtsville, NY 11742**

You are hereby summoned and required to file, with the Clerk of the above-entitled Court, 137 N Freedom Blvd Suite 100, Provo, UT, 84601, an answer in writing to the Complaint filed in the above-entitled case, and to serve upon or mail to Plaintiff's attorney at 10782 N La Costa, Cedar Hills, Utah, 84062 a copy of said Answer within 30 days after service of this Summons. If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, a copy of which is attached hereto and served herewith upon you.

Dated this 30th day of May, 2019.      /S/ Thomas Alvord

Thomas Alvord
*Attorney for Plaintiff*

Thomas Alvord, #14119
10782 N La Costa
Cedar Hills, UT 84062
Telephone: (801) 735-1968
Email: thomasalvord@gmail.com
*Attorney for Plaintiff*

## IN THE FOURTH JUDICIAL DISTRICT COURT
## UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| Thomas Alvord<br><br>Plaintiff,<br><br>vs.<br><br>Quick Fi Capital Inc<br><br>Defendant | **VERIFIED COMPLAINT**<br><br>**Tier 2**<br><br>Civil No.: 190400868<br>Judge: LYNN W DAVIS |

### INTRODUCTION

1. Thomas Alvord (referred to as " Plaintiff") brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Quick Fi Capital Inc (referred to as "Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"). Plaintiff

1

alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and messages like the one described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also, *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call [...]." *Id.* At §§ 12-13. *See also, Mims*, 132 S. Ct. at 744. Plaintiff alleges that the call from Defendant was dialed by an automatic telephone dialing system (ATDS). Plaintiff never granted Defendant permission to solicit through telemarketing with an ATDS or otherwise.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act [...] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## PARTIES

6. Plaintiff is, and all all times mentioned herein was, an individual citizen and resident of the County of Utah, State of Utah.

7. Plaintiff is, and at all times mentioned herein was, a "person" defined by 47 U.S.C. § 153 (39).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, an individual and a "person," as defined by 47 U.S.C. § 153 (39).

9. Defendant is a corporation of the State of New York, having a place of business at 755 Waverly Avenue, Suite 216 Holtsville NY, 11742.

10. Defendant conducted business in the State of Utah and in the County of Utah, and within this judicial district.

## JURISDICTION AND VENUE

11. Jurisdiction is properly vested in this Court because (i) 47 U.S.C. § 227 et seq. explicitly authorizes a person or entity to bring an action under the TCPA in state court, and (ii) pursuant to Utah Code Ann. §78A-5-102 the district court has original jurisdiction in all matters civil.

12. Venue is appropriate in this Court pursuant to Utah Code Ann. §78B-3-307 because the cause of action arises in the County of Utah, State of Utah.

4

## FACTUAL ALLEGATIONS

13. Plaintiff is, and at all times mentioned herein was, the sole owner of the phone number of 801-735-1968.

14. The phone number 801-735-1968 is registered on the national Do Not Call List at htttps://www.donotcall.gov.

15. Defendant has called Plaintiff on Plaintiff's cell phone number 801-735-1968 at least 17 times. The date and number from which Plaintiff made these calls are as follow:

   a. From 435-315-0709 on February 4, 2019
   b. From 435-315-0709 on April 17, 2019
   c. From 435-315-0709 on April 18, 2019
   d. From 435-315-0709 on April 29, 2019
   e. From 435-315-0710 on April 30, 2019
   f. From 435-315-0709 on May 1, 2019
   g. From 435-315-0710 on May 2, 2019
   h. From 435-315-0709 on May 9, 2019
   i. From 435-315-0711 on May 15, 2019
   j. From 435-315-0710 on May 16, 2019
   k. From 435-315-0709 on May 16, 2019

  l. From 435-315-0710 on May 16, 2019

  m. From 435-315-0709 on May 21, 2019

  n. From 435-315-0711 on May 22, 2019

  o. From 435-315-0709 on May 22, 2019

  p. From 435-315-0710 on May 28, 2019

  q. From 435-315-0711 on May 28, 2019

16. For the sole purpose of identifying the telemarketer, the call on May 28, 2019 from 435-315-0710 was answered, and Defendant was asked to email additional information.

17. Defendant emailed a loan application. The email came from an email address @quickficapital.com. The email also included links to www.quickficapital.com, which is a website controlled by Defendant.

18. By calling Plaintiff, Defendant harmed Plaintiff in the exact way that Congress sought to protect in enacting the TCPA.

19. Plaintiff has suffered an invasion of privacy, an annoyance and nuisance, and lost time in answering and reviewing the unsolicited calls.

20. Defendant incurred a depletion of his phone battery which forced Plaintiff to have to pay for the electricity to recharge his phone. Additionally, Plaintiff could not use his phone

6

while it was being recharged due to the battery depletion suffered by Plaintiff as a legal and proximate cause of Defendant's wrong actions.

21. At all times relevant Defendant purposefully availed itself of the benefits and protections of Utah law as well as conducted business in the State of Utah and in the County of Utah, within this judicial district.

22. Defendant failed to properly scrub its telemarketing lead lists against the national do not call registry in order to delete and redact protected numbers like Plaintiff's cell phone.

23. On information and belief, Plaintiff's phone number was entered into and stored in a dialing database.

24. On information and belief, Defendant utilized equipment with the capacity to call random, sequential, and/or pre-programmed phone numbers in order to call Plaintiff.

25. On information and belief, the calls Defendant made to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1), which has the capacity to produce or store numbers randomly or sequentially, to dial such numbers, and to place calls to Plaintiff's cellular telephone.

26. At no time has Plaintiff ever provided Defendant with his cellular telephone number.

27. This telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i) and said call was a serious annoyance and invasion of Plaintiff's privacy rights.

28. Plaintiff is neither a subscriber nor client of Defendant's services, has never contacted Defendant, nor provided Defendant with his personal information or cellular telephone number. Thus, at no time did Plaintiff provide Defendant or their agents with prior express written consent to receive unsolicited telephone calls, pursuant to 47 U.S.C. § 227(b)(1)(A).

29. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1) and were for the purpose of telemarketing and solicitation of business.

## STANDING

30. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant;

    c. and is likely to be redressed by a favorable judicial decision.

See, *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.

31. In order to meet the standard laid out in *Spokeo and Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

    **A. The "Injury in Fact" Prong**

32. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

33. For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In the present case, Plaintiff was called on his cellular phone by Defendant, who utilized an ATDS and a pre-recorded voice or artificial voice paired with a voice recognition system. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and de facto.

34. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016) at 7. In the instant case, it was Plaintiff's phone that was called. It was Plaintiff's personal privacy and peace that was invaded by Defendant's call, that was delivered using an ATDS. Finally, Plaintiff alone is responsible to pay the bill on his cellular phone. All of these injuries are particularized and specific to Plaintiff.

    **B. The "Traceable to the Conduct of Defendant" Prong**

35. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that his injuries are traceable to the conduct of Defendant.

36. In the instant case, this prong is met simply by the fact that the message was delivered to Plaintiff's cellular phone directly by Defendant, or by Defendant's agent at the direction of Defendant.

### C. The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

37. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

38. In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

39. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

40. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant on the stated claims.

## FIRST CAUSE OF ACTION:

## ILLEGAL USE OF AN ATD OR PRERECORDED VOICE

## 47 U.S.C. § 227(b)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The Defendant's use of an ATD to contact Plaintiff constitutes a violation of 47 U.S.C. § 227(b).

43. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION:

## ILLEGAL SOLICITATION OF PERSONS ON THE DO NOT CALL LIST

## ACT 47 U.S.C. § 227(c)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The Defendant's contacting of Plaintiff's cellular phone number on the Do Not Call List constitutes a violation of 47 U.S.C. § 227(c).

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

49. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).

> "The fact that the [TCPA] includes separate provisions for statutory damages in subsections (b) and (c) suggests that a plaintiff could recover under both.... Additionally, the two private-right-of-action provisions contain significant textual differences, indicating that they are distinct provisions to be treated independently.... The two subsections, moreover, target different harms.... By enacting separate private-right-of-action provisions, each including a statutory damages provision, Congress evidenced its intent that a person be able to recover for the telemarketer's failure to institute the minimum procedures for maintaining a do-not-call list as well as the additional harm of the call being automated. We therefore conclude that a person may recover statutory damages of $1500 for a willful or knowing violation of the automated-call requirements, § 227(b)(3), and

$1500 for a willful or knowing violation of the do-not-call-list requirements, § 227(c)(5)—even if both violations occurred in the same telephone call." *Charvat v. NMP, LLC*, 656 F.3d 440, 448-9 (6th Cir. 2011)

50. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

51. WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

52. As a result of Defendant's violations of 47 U.S.C. § 227(b), Plaintiff seeks an amount not less than $25,500.00.

53. As a result of Defendant's violations of 47 U.S.C. § 227(c), Plaintiff seeks an amount not less than $25,500.00.

54. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

55. Any other relief the Court may deem just and proper.

Respectfully submitted,
Date: May 29, 2019

/S/ Thomas Alvord

Thomas Alvord
Attorney for Plaintiff

I, Thomas Alvord declare and state the following:

I have read the foregoing VERIFIED COMPLAINT, that I know the contents thereof, and that the same are true to the best of my knowledge.

Pursuant to Utah Code Ann. § 78B-5-705, I declare under criminal penalty of the State of Utah that the foregoing is true and correct to the best of my belief and knowledge.

DATED and SIGNED this 29th day of May, 2019.


/S/ Thomas Alvord
_____
Thomas Alvord

266879-1-1-PRI
Thomas Alvord
10782 N La Costa
Cedar Hills, UT 84062-8076

PRESORTED
FIRST-CLASS MAIL
POSTAGE AND FEES PAID
C2M LLC
22202



**USPS CERTIFIED MAIL™**

9214 8901 3247 3400 0894 1587 61

**SIGNATURE REQUIRED PER DMM 3.1.1**

1*************************SNGLP 480

Quick Fi Capital Inc
755 Waverly Ave Ste 216
Holtsville, NY 11742-1125