Joseph Skinner, #10832
SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.
15 West South Temple, Suite 600
Salt Lake City, Utah 84101
Telephone: (801) 531-7870
Email: joseph@scalleyreading.net

Stuart M. Richter (*pro hac vice granted*)
Andrew J. Demko (*pro hac vice granted*)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Tel.   (310) 788-4400
Email: stuart.richter@kattenlaw.com
            andrew.demko@kattenlaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Thomas Alvord,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Quick Fi Capital Inc.<br><br>　　　　　Defendant. | **MOTION TO DISMISS BY DEFENDANT**<br><br><br>Case No. 2:19-CV-000459<br><br>**Chief Magistrate Judge Paul M. Warner** |

　　　　In response to Plaintiff's Complaint [Dkt #1], Defendant Hardwick Investors Group LLC dba Quick Fi Capital (erroneously sued as Quick Fi Capital Inc. but hereinafter referred to as "Quick Fi") respectfully submits this Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Quick Fi is a New York corporation with its principal place of business in Holtsville, New York. It does not regularly transact business in Utah so as to

be subject to general jurisdiction. Nor did it engage in any conduct—making calls to Plaintiff in the State of Utah—that forms the basis for Plaintiff's claims so that Quick Fi can be subject to specific jurisdiction in Utah for purposes of this action. Plaintiff's complaint, therefore, should be dismissed.

## FACTS AND PROCEDURAL HISTORY

According to Plaintiff, Quick Fi purportedly made seventeen (17) telemarketing calls to Plaintiff's cell phone number in violation of the Telephone Consumer Protection Act ("TCPA"). (Compl. ¶¶ 13-15.) Plaintiff alleges each of these calls came from two numbers, (435) 315-0709 and (435) 315-0710, and involved the use of an automatic telephone dialing system ("ATD"). (Compl. ¶¶ 15, 25.) Plaintiff claims he answered the last call to "identify[] the telemarketer" and asked to receive additional information via email. (Compl. ¶ 16.) In response, Quick Fi allegedly emailed Plaintiff a loan application. (Compl. ¶ 17.) Based on these allegations, Plaintiff filed this lawsuit in Utah State Court on May 29, 2019 alleging two claims for violation of the Telephone Consumer Protection Act for (i) use of an ATD or prerecorded voice, and (ii) solicitation of persons on the "Do Not Call" list. (Compl. ¶¶ 41-50.)

In his Complaint, Plaintiff alleges jurisdiction is "properly vested" in state court and that "the district court has original jurisdiction in all matters civil." (Compl. ¶ 11.) Quick Fi removed the case to this Court on July 1, 2019. [Dkt. #2]. On July 8, 2019, Quick Fi moved to extend its response deadline to July 22, 2019, [Dkt. #8], which this Court granted. [Dkt. #9].

Plaintiff has not alleged and cannot allege facts sufficient to establish personal jurisdiction over Quick Fi in Utah. Plaintiff is a Utah resident. (Compl. ¶ 6.) Quick Fi is a New York

corporation with its headquarters and principal place of business located in Holtsville, New York. (Compl. ¶ 9; Hardwick Decl., ¶¶ 2, 4.) Quick Fi acts in a brokerage capacity to assist businesses in obtaining financing from banks, private merchant banks and merchant cash advance companies. (Hardwick Decl. ¶ 3.) Quick Fi arranges financing for companies nationally, but its business of arranging financing is conducted exclusively from New York. (Compl. ¶ 9; Hardwick Decl. ¶ 2-4.) Quick Fi has no offices, agents, employees, or accounts in Utah. (Hardwick Decl. ¶ 5.) Nor does Quick Fi regularly conduct business in Utah. (*Id.* ¶ 6.) In fact, from March 2015 to date, Quick Fi has only acted in a brokerage capacity to arrange financing for two companies that Quick Fi believes operate in the State of Utah. (*Id.*) These two transactions represent less than 0.2% of the financing transactions arranged by Quick Fi during the same time period. (*Id.*)

Quick Fi did not make any calls to Plaintiff. (*Id.* ¶ 8.) Indeed, neither of the numbers Plaintiff claims were used to call him belongs to Quick Fi. (*Id.*) In fact, as a brokerage that arranges financing, Quick Fi does not make outbound telemarketing calls. (*Id.* ¶ 7.) Typically, third parties who have solicited businesses that require financing, will refer those businesses to Quick Fi. (*Id.* ¶ 9.) If Quick Fi is able to arrange financing, the third-party marketing company may be paid a commission. (*Id.* ¶ 3.)

The third-party marketing companies that refer customers to Quick Fi are not owned by or agents of Quick Fi; they are independent companies. (*Id.* ¶ 9.) Quick Fi does not control how these companies solicit or interact with businesses that require financing. (*Id.* ¶ 10.) The third-party marketing companies do not have exclusive relationships with Quick Fi. (*Id.* ¶ 9.) In other words, these companies may refer businesses to Quick Fi and possibly other companies like Quick Fi that can arrange financing for them. (*Id.*)

In this case, Quick Fi believes that a third-party marketing company placed the phone calls to Plaintiff. (*Id.* ¶ 11.) When Plaintiff responded and expressed interest in financing for his business, this third-party marketing company referred him to Quick Fi. (*Id.*) Quick Fi did not make any of the calls to Plaintiff and only communicated with him after his call to this company was transferred to Quick Fi by the third-party company itself. (*Id.*) The one and only communication Quick Fi initiated with Plaintiff was an email, not a phone call from an ATDS. (*Id.*)

## ARGUMENT

Quick Fi is not subject to general or specific jurisdiction in Utah because (i) Quick Fi is not "at home" in Utah, and (ii) Quick Fi did not call Plaintiff or otherwise purposefully direct any activity to Utah.

**I.      Legal standard.**

For a federal court to exercise personal jurisdiction over a defendant in a federal question case, the court must first determine: (1) "whether the statute at issue potentially confers jurisdiction by authorizing service of process on the defendant[,]" and (2) "whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal quotation marks and citations omitted). The TCPA does not authorize nationwide service of process. *Patrick v. N & G Capital LLC*, No. 2:14-CV-194 TS, 2014 WL 3547831, at *2 (D. Utah July 17, 2014). Accordingly, Federal Rule of Civil Procedure 4(k)(1)(a) dictates that the federal court must "apply the law of the state in which the district court sits." *Id.* (internal citations omitted). In Utah, the long-arm statute authorizes personal jurisdiction to the

limits of due process. *Id.*; *see also* Utah Code Ann. § 78B-3-201. Thus, the two-step inquiry collapses into one federal due process analysis. *Patrick*, 2014 WL 3547831, at *2.

To be consistent with due process, the exercise of personal jurisdiction is appropriate only where (i) the nonresident defendant has sufficient "minimum contacts" with the forum state, such that he can "reasonably anticipate being haled into court there," and (ii) jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* (quoting *OMI Holdings, Inc. v. Royal Ins. Of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).

Minimum contacts can be established through general or specific jurisdiction. *Singleton v. Kat Expl. Inc.*, No. 2:17-CV-00556-CW-DBP, 2018 WL 718369, at *2 (D. Utah Feb. 5, 2018). For general jurisdiction, a defendant must have substantial, continuous, and systematic contacts with the forum, such that the defendant is essentially "at home" in the forum. *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014)). Absent exceptional circumstances, a corporation is only "'at home' in the forum(s) where it is incorporated or where it maintains its principal place of business." *Id.* (internal citations omitted).

For specific jurisdiction, minimum contacts demand a defendant "purposefully direct[] its activities toward the forum[,]" and the "underlying action [be] based upon activities that arise out of or relate to the defendant's contacts with the forum." *Patrick*, 2014 WL 3547831, at *3 (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1218 (10th Cir. 2006)). "In analyzing a defendant's 'purposefully directed' activities, courts look for allegations showing (a) 'an intentional action' by the defendant, (b) 'expressly aimed at the forum state,' (c) with the defendant's 'knowledge that the brunt of the injury would be felt in the forum state.'" *Van Ornum v. Am. Med. Ass'n*, No. 2:14-

CV-921-RJS-EJF, 2017 WL 9481123, at *12 (D. Utah Mar. 22, 2017) (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008)). Specific jurisdiction must thus arise from the defendant's actions, "not [from] events that are the result of unilateral actions taken by someone else." *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1296 (10th Cir. 2004). In addition, Plaintiff must show a causal link between the defendant's contacts and the injuries at issue. *Van Ornum*, 2017 WL 9481123, at *12.

Plaintiff bears the burden of establishing personal jurisdiction and must make a *prima facie* showing when the issue is raised early in litigation and is based on pleadings and affidavits. *Neuer v. Dental Res. Sys., Inc.*, No. 14-2319, 2015 WL 4634044, at *1 (D. Kan. July 27, 2015).

**II.   Quick Fi is not subject to general jurisdiction in Utah, because Quick Fi is a New York corporation with its principal place of business in New York.**

Here, as Plaintiff's Complaint admits, Quick Fi is neither incorporated in nor does it maintain its principal place of business in Utah. (Compl. ¶ 9; Hardwick Decl. ¶¶ 2, 4.) Accordingly, Quick Fi cannot be subject to general jurisdiction in Utah. *See Paxman v. Li*, No. 2:17-CV-01290, 2018 WL 1972679, at * 1 (D. Utah Apr. 26, 2018) (no general jurisdiction over defendants in Utah when defendants were incorporated in California and there was no evidence they conducted business in Utah).

Moreover, Quick Fi does not regularly do business in Utah. (Hardwick Decl. ¶ 6.) Quick Fi has arranged financing for only two businesses in Utah over the last four years, which represents only 0.2% of the financing transactions arranged by Quick Fi during that time period. (*Id.*) This unrelated business hardly amounts to the "exceptional circumstances" sufficient to justify general jurisdiction in this case. *See Spencer v. Harley-Davidson, Inc.*, Case No. 2:16-CV-00427-DN,

2019 WL 1382285, at *5 (D. Utah Mar. 27, 2019) (no general jurisdiction where Utah was not paradigm forum and there was no evidence defendant's operations in Utah were "so substantial as to render it at home in Utah").

**III.    Quick Fi is not subject to specific jurisdiction in Utah, because it did not purposefully direct any activity to Utah.**

**A.    Quick Fi did not make the calls alleged in Plaintiff's Complaint.**

Plaintiff's alleged injuries stem from 17 phone calls Plaintiff received from two telephone numbers: (i) 435-315-0709, and (ii) 435-315-0710. (Compl. ¶ 15.) While Plaintiff claims Quick Fi made these calls, neither of these numbers belongs to Quick Fi. (Hardwick Decl. ¶ 8.) In fact, Quick Fi did not make the calls; they were likely made by a third-party marketing company that eventually referred Plaintiff to Quick Fi. (*Id.*) Quick Fi did not initiate any calls to Plaintiff and therefore did not take any intentional action directed at Utah that forms the basis of Plaintiff's two claims. *Spencer*, 2019 WL 1382285, at *5 (no specific jurisdiction where no evidence defendant performed any activity in Utah or purposefully directed any activity at residents of Utah).

**B.    Plaintiff has not otherwise adequately alleged—nor can it—that Quick Fi "directed" an agent to make the calls on its behalf.**

While Plaintiff only specifically claims Quick Fi made the calls at issue—which it did not—to the extent Plaintiff implies an agent of Quick Fi may have made the calls,[1] the unauthorized conduct of any such alleged agent cannot subject Quick Fi to specific jurisdiction in Utah. *Nat'l Gypsum Co. v. Dalemark Indus., Inc.*, 773 F. Supp. 1476, 1480-81 (D. Kan. 1991) ("purposeful availment analysis generally demands that *the defendant* affirmatively act to allow or

---

[1] All of Plaintiff's specific allegations claim Quick Fi made the calls at issue. (Compl. ¶ 15.) Plaintiff vaguely alleges, however, that "[t]hese telephone calls by Defendant, or its agents, violated [the TCPA]." (Compl. ¶ 29.)

promote the transaction of business within that forum;" "[t]he unilateral activities of another party or a third person are not sufficient contacts with the forum state.") (emphasis added). Only "in rare circumstances" do courts impute one company's contacts to another, such as when a corporation "direct[s] its agents" to take action in the forum. *Hernandez v. Chevron U.S.A.*, Inc., 347 F. Supp. 3d 921, 966 (D.N.M.2018). Quick Fi did no such thing.

Plaintiff has not adequately alleged Quick Fi directed a third party to contact Plaintiff on its behalf. Plaintiff only alleges in passing that an agent of Quick Fi may have made the calls at issue. (Compl. ¶ 29.) This bare bones allegation is simply not sufficient to plead vicarious liability under the TCPA, and courts have routinely dismissed similarly deficient complaints. *See, e.g.*, *Childress v. Liberty Mut. Ins. Co.*, No. 17-CV-1051 MV/KBM, 2018 WL 4684209, at *4-5 (D.N.M.Sept. 28, 2018) (dismissing TCPA claim where mere allegations that call was transferred to defendant's in-house telemarketer were insufficient to show defendant controlled the initiation of the telephone call to plaintiff); *Panacci v. A1 Solar Power, Inc.*, No. 15-CV-532, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (complaint dismissed for failure to state a TCPA vicarious liability claim where plaintiff did not allege that defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" the third-party caller and had "virtually no allegations regarding the relationship between [the defendant] and [the third party]"); *Bank v. All. Health Networks, LLC*, No. 15-CV-213, 2015 WL 4645317, at *1 (E.D.N.Y. Aug. 4, 2015), *aff'd*, 669 F. App'x 584 (2d Cir. 2016) (Complaint in which plaintiff "allege[d] merely that the calls at issue were made 'by, or on behalf of, or with the authorization of [the defendants]'" was insufficient to state a vicarious liability claim.).

Plaintiff cannot cure these pleading defects. The third-party marketing company that referred Plaintiff to Quick Fi is not owned in whole or in part by Quick Fi and is not an agent of Quick Fi. (Hardwick Decl. ¶ 11.) The third-party company is an independent marketing company and does not even have an exclusive referral relationship with Quick Fi, meaning all third-party marketing companies Quick Fi works with refer potential customers to multiple companies who might arrange financing for the businesses it solicits. (*Id.* ¶ 9.) Nor does Quick Fi have an exclusive relationship with alleged third-party company. (*Id.*) Quick Fi arranges financing for businesses referred by multiple third parties. (*Id.* ¶ 3.,) Quick Fi simply pays a finder's fee to third party marketing companies that refer customers. (*Id.*)

Accordingly, Quick Fi did not "direct" any purported agent to make calls violating the TCPA to Utah on its behalf. Evidence that Quick Fi took some action to direct the alleged calls into the forum is required for specific jurisdiction. *See Childress v. Deering*, No. 1:18-CV-00455 LF-KBM, 2019 WL 409825, at *5 (D.N.M. Jan. 29, 2019) (motion to dismiss for lack of jurisdiction granted where plaintiff did "not allege[] any specific facts that show that [defendant] called [plaintiff], or caused someone to call [plaintiff]"); *Arnold v. Grand Celebration Cruises, LLC*, No. CIV 17-685 JAP/KK, 2017 WL 3534996, at *4-6 (D.N.M. Aug. 16, 2017) (motion to dismiss for lack of jurisdiction granted where plaintiff did not contradict defendant's representations that defendant "did not direct or control the alleged telephone calls to [p]laintiff").

For instance, in a similar case involving purported violations of the CAN-SPAM Act, the District of Utah declined to exercise specific jurisdiction where the actions at issue were taken by defendant's third-party publishers. Specifically, in *ZooBuh, Inc. v. Williams,* ZooBuh, Inc. ("ZooBuh"), a Utah corporation providing email, blog and chat services for its customers, claimed

Thrive Marketing Group ("Thrive"), a Tennessee digital marketing company, through its third-party publishers sent approximately 30,611 emails to ZooBuh customers in violation of the CAN-SPAM Act. No. 2:13-CV-791 TS, 2014 WL 7261786, at *1 (D. Utah Dec. 18, 2014). ZooBuh sued Thrive in Utah, and Thrive moved to dismiss for lack of jurisdiction based on the facts that (i) Thrive did not send any of the allegedly actionable emails to Utah, and (ii) Thrive did not have knowledge as to where its third-party publishers were sending the emails. *Id.* at *5. In holding specific jurisdiction was lacking, the court found there was no evidence of an agency relationship given that Thrive "has stated that it has no involvement with or control over the origination, approval, or delivery of the emails" and "does not… know where the publishers send the emails[.]" *Id.*

In summary, Quick Fi does not have any agents in Utah. (Hardwick Decl. ¶ 5.) Quick Fi never participated in, set-up, directed, or in any way controlled the alleged telephone calls to Plaintiff, nor did Quick Fi have the right to do any such things. (*Id.* ¶ 10.) As established, Quick Fi does not make outbound telemarketing calls of the kind Plaintiff alleges he received. (*Id.* ¶ 7.) While Quick Fi accepts referrals from third parties, those third parties do so non-exclusively and as independent contractors. (*Id.* ¶ 7.) Quick Fi has no control over any telephone calls that such third parties may make nor does it possess any knowledge of where those third parties potentially make calls. (*Id.* ¶ 10.) Accordingly, Quick Fi cannot be subject to specific jurisdiction in Utah based on calls it in no way "directed." *See Velez v. Portfolio Recovery Assoc., Inc.*, 881 F. Supp. 2d 1075, 1083 (E.D. Mo. 2012) (dismissing TCPA claim against parent company for lack of personal jurisdiction, and holding that plaintiff failed to meet "her burden of demonstrating" that defendant, as opposed to separate company, initiated contacts with Missouri).

### C. Quick Fi's alleged email to Plaintiff does not give rise to Plaintiff's cause of action.

Plaintiff additionally alleges that Quick Fi emailed Plaintiff a loan application after Plaintiff answered the last alleged call. (Compl. ¶ 17.) This lone allegation of conduct directed to Utah is similarly insufficient for specific jurisdiction. First, a plaintiff cannot lure a defendant into contacting the forum state to establish jurisdiction. *See, e.g., ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 333 (D.S.C. 1999). As Plaintiff concedes in his Complaint, Plaintiff "asked Quick Fi to email additional information;" Quick Fi did not initiate this contact with Plaintiff. (Compl. ¶ 16.) Second, the prohibitions of the TCPA do not apply to email messages. *Prukala v. Elle*, 11 F. Supp. 3d 443, 448-49 (M.D. Pa. 2014). As such, there is no causal link between the alleged email contact and Plaintiff's purported injuries under the TCPA—as is expressly required to establish specific jurisdiction. *Van Ornum*, 2017 WL 9481123, at *12. In short, Quick Fi cannot be subject to specific jurisdiction in Utah based on the single alleged email.

### IV. The exercise of jurisdiction over Quick Fi in Utah would not comport with "traditional notions of fair play and substantial justice."

As shown above, Quick Fi lacks the requisite minimum contacts with Utah to establish general or specific jurisdiction. Therefore, this Court need not determine whether the exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice," or in other words, if jurisdiction would be "reasonable." *Zoobuh*, 2014 WL 7261786, at * 5; *Neuer*, 2015 WL 4634044, at *4. Notwithstanding, it would be unreasonable for a Utah court to exercise personal jurisdiction over Quick Fi.

In assessing reasonableness, courts weigh the following five factors: (i) the burden on the defendant; (ii) the forum state's interest in resolving the dispute; (iii) plaintiff's interest in

receiving convenient and effective relief; (iv) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (v) the shared interest of the several states in furthering fundamental substantive social policies. *Neuer*, 2015 WL 4634044, at *4. (internal citations omitted).

These factors do not support personal jurisdiction over Quick Fi. First, Quick Fi is a small New York-based business. (Hardwick Decl. ¶ 12.) Traveling to and litigating in Utah would be significantly more expensive and inconvenient for Quick Fi than litigating in its home state—thus the first factor strongly favors Quick Fi. (*Id.*) Second, unlike claims which arise under state law, such as tort claims for example, TCPA claims arise under federal law; Utah therefore has no greater interest in resolving TCPA disputes than any other federal forum. *Cf. Neuer*, 2015 WL 4634044, at *4. Thus, the second factor similarly favors Quick Fi. The third factor turns on whether Plaintiff's injuries can be adequately addressed in another forum. *Id.* Again, this factor weighs in Quick Fi's favor because the TCPA is federal law, and Plaintiff's chances of recovery on his TCPA claims will therefore not be "greatly diminished" (if at all) should he be forced to litigate in another forum. *Id.* The remaining factors favor neither party. *Id.* at *5. Accordingly, a majority of the factors weigh in favor of Quick Fi rendering it unreasonable for a Utah court to exercise personal jurisdiction in this case.

## **CONCLUSION**

In sum, Quick Fi's Motion to Dismiss should be granted for two reasons: 1) Quick Fi does not have sufficient contacts with Utah to justify general or specific personal jurisdiction and 2) jurisdiction is not reasonable.

DATED this 22nd day of July, 2019.

/s/ Stuart M. Richter (*pro hac vice granted*)
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4400 telephone
(310) 788-4471 facsimile
stuart.richter@kattenlaw.com
C.A. Bar No. 126231

/s/ Andrew J. Demko (*pro hac vice granted*)
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4462 telephone
(310) 712-8436 facsimile
andrew.demko@kattenlaw.com
C.A. Bar No. 247320

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that on this 22nd day of July, 2019, I caused a copy of the foregoing **Motion to Dismiss by Defendant** to be served by CM/ECF, email, and U.S. Mail upon the following counsel of record for the Plaintiff:

Rebecca Horne
rhorne@lawhq.com
299 So. Main St. STE 1300
Salt Lake City, UT 84111


/s/ Emily Appel

Emily Appel