# **EXHIBIT 1**

Joseph Skinner, #10832
SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.
15 West South Temple, Suite 600
Salt Lake City, Utah 84101
Telephone: (801) 531-7870
Email: joseph@scalleyreading.net

Stuart M. Richter (*pro hac vice granted*)
Andrew J. Demko (*pro hac vice granted*)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Tel.    (310) 788-4400
Email: stuart.richter@kattenlaw.com
         andrew.demko@kattenlaw.com

Attorneys for Quick Fi Capital Inc. and Daniel Hardwick

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **Thomas Alvord**,<br><br>                    Plaintiff,<br><br>v.<br><br>**Quick Fi Capital Inc.**, a corporation; **Daniel Hardwick** individually and as CEO of Hardwick Investors Group LLC dba Quick Fi Capital; and **Texnicha Outsourcing Solution**, a corporation,<br><br>                    Defendants. | **DECLARATION OF DANIEL HARDWICK IN SUPPORT OF MOTION TO DISMISS**<br><br>Case No. 2:19-CV-000459<br><br>**Chief Magistrate Judge Paul M. Warner** |

I, Daniel Hardwick, declare as follows:

1.      I am now, and at all times relevant have been, the Chief Executive Officer of the company that is supposed to be the defendant in this case, Hardwick Investors Group LLC dba Quick Fi Capital, which has erroneously been sued as Quick Fi Capital Inc. ("Quick Fi").

1

2. I reside in Lake Ronkonkoma, New York, and intend to remain there indefinitely.

3. I have not traveled to Utah. I do not maintain any residences or accounts in Utah. I have never owned or leased real or personal property in Utah. I have never had a Utah telephone number; similarly, I have no knowledge as to Utah area codes.

4. I have never owned a business licensed in Utah or otherwise related to Utah, nor have I employed Utah residents. I have never been employed in Utah or paid taxes in Utah, and I have never been sued in Utah outside of this litigation.

5. Quick Fi is a New York limited liability corporation. Its headquarters and its only offices are located in Holtsville in the State of New York.

6. Quick Fi is a small business. It acts in a brokerage capacity to assist business owners in procuring financing from banks, private merchant banks, and merchant cash advance companies. Quick Fi itself does not fund loans or other types of advances. Typically, businesses that require financing are referred to Quick Fi by other businesses that have worked with Quick Fi, and are made aware of Quick Fi by advertising, or are referred by third party marketing companies, which often solicit or are solicited by the businesses requiring financing. Quick Fi then puts the businesses requiring financing in contact with financing sources and assists the businesses in arranging financing, similar to a residential mortgage broker, but Quick Fi works with small businesses. If financing is arranged, then Quick Fi is paid a commission by the lender or the company advancing money to the business. If the business was referred to Quick Fi by a third party marketing company, then Quick Fi pays a finder's fee to the third party that referred the business.

7. Quick Fi arranges financing for small businesses all over the country, however, the majority of the businesses it works with are located in New York.

8. Quick Fi has no offices, agents, employees, or accounts in Utah. Quick Fi has never maintained an agent for service of process in Utah, has never had a mailing address or telephone listing in Utah, and has never paid income or property taxes to Utah.

9. Quick Fi does not regularly conduct business in Utah. From March 2015 (when Quick Fi first started engaging in its business as described in this declaration) to the present, Quick Fi has only arranged financing for two companies that Quick Fi believes were located in Utah. That represents only 0.16% of the total number of financings arranged by Quick Fi during that time period.

10. Quick Fi does not engage in outbound telemarketing calling and does not use an automated dialing system or prerecorded voice messages.

11. Based on Quick Fi's call records, Quick Fi did not call Plaintiff, nor did I personally call Plaintiff. The following telephone numbers that Plaintiff claims were used to call him do not belong to and are not associated with either Quick Fi or me:

    a. (435) 315-0709;

    b. (435) 315-0710; and

    c. (435) 315-0711.

12. When Quick Fi receives referrals from third party companies, these companies are independent contractors, and Quick Fi's relationships with them are non-exclusive. In other words, these third party marketing companies may refer a business to Quick Fi and multiple other companies similar to Quick Fi. Neither myself nor Quick Fi controls or directs the conduct of these third party companies. Conversely, Quick Fi may receive referrals from several different third parties; it does not work with just one company as a referral source.

13. Neither Quick Fi nor I participates in, sets-up, directs or controls, or has the right to do any such things, with respect to any outbound telemarketing these third party companies may perform. Neither Quick Fi nor I has any knowledge of where such third party companies may or may not make telemarketing calls or how they obtained their prospective referrals.

14. I do not provide "calling lists" or provide or otherwise manage "dialing leads" for any such third party marketing company, nor do any other employees of Quick Fi.

15. In this case, Plaintiff was referred to Quick Fi by a third party marketing company known as Texnicha Outsourcing Solution ("Texnicha"). Neither myself nor Quick Fi owns any interest in Texnicha. I do not provide "calling lists" or provide or otherwise manage "dialing leads" for Texnicha, nor do any other employees of Quick Fi.

16. Texnicha is a third party marketing company that has referred businesses to Quick Fi in the past; Quick Fi and I have never been aware that Texnicha has made improper telemarketing calls in the past. Based on Quick Fi's records, it appears that the Plaintiff called Texnicha, possibly in response to a call from Texnicha. When he did, he was transferred to Quick Fi and asked for more information. Again, Texnicha could have referred Plaintiff's call to any number of companies like Quick Fi, because Quick Fi does not have an exclusive relationship with Texnicha or any similar marketing company. After Plaintiff's call was transferred to Quick Fi, he requested more information from Quick Fi. In response to Plaintiff's request for more information, Quick Fi emailed him a funding application. Neither Quick Fi nor I ever made a call to Plaintiff; the only communication Quick Fi directed to Plaintiff was an email with a funding application in response to Plaintiff's request.

17. Traveling to and litigating in Utah would be unreasonably expensive and burdensome for Quick Fi, which is a small business with only 12 persons working for it and only

4

one office in Holtsville, New York. Likewise, traveling to and litigating in Utah would be unreasonably expensive and burdensome for me as a resident and employee of a small business in New York.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of August, 2019 in Holtsville, New York.

_____ 8/16/19
Daniel Hardwick