Joseph Skinner, #10832
SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.
15 West South Temple, Suite 600
Salt Lake City, Utah 84101
Telephone: (801) 531-7870
Email: joseph@scalleyreading.net

Stuart M. Richter (*pro hac vice granted*)
Andrew J. Demko (*pro hac vice granted*)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Tel.    (310) 788-4400
Email:  stuart.richter@kattenlaw.com
        andrew.demko@kattenlaw.com

Attorneys for Quick Fi Capital Inc. and Daniel Hardwick

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **Thomas Alvord**,<br><br>                    Plaintiff,<br><br>v.<br><br>**Quick Fi Capital Inc.**, a corporation; **Daniel Hardwick** individually and as CEO of Hardwick Investors Group LLC dba Quick Fi Capital; and **Texnicha Outsourcing Solution**, a corporation,<br><br>                    Defendants. | **DEFENDANTS QUICK FI CAPITAL INC.'S AND DANIEL HARDWICK'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS**<br><br><br>Case No. 2:19-CV-000459<br><br>**Senior Judge Dee Benson** |

Defendants[1] Hardwick Investors Group LLC dba Quick Fi Capital (erroneously sued as

Quick Fi Capital Inc. but hereinafter referred to as "Quick Fi") and Daniel Hardwick respectfully

---

[1] As used herein, "Defendants" refers only to Quick Fi and Daniel Hardwick.

1

submit this Reply in response to Plaintiff's Memorandum in Opposition to Defendants' Second

Motion to Dismiss ("Opp." [Dkt. # 26]) and state as follows:

**I.      Plaintiff has not met its burden to contest Defendants' credible evidence that Quick Fi and Daniel Hardwick do not have minimum contacts with Utah.**

It is Plaintiff's burden to prove personal jurisdiction.  *Wenz v. Memery Crystal*, 55 F.3d

1503, 1505 (10th Cir. 1995).  When "a defendant presents credible evidence through affidavits or

other materials suggesting the absence of personal jurisdiction, the plaintiff must come forward

with sufficient evidence to create a genuine dispute of material fact on the issue."  *Presidential

Hospitality, LLC v. Wyndham Hotel Grp., LLC*, 333 F.Supp.3d 1179, 1201 (D.N.M. 2018).  "Only

if the plaintiff meets the obligation of contesting the credible evidence that the defendant presents

does the court resolve the factual disputes in the plaintiff's favor."  *Id.*  Further, a court need only

accept well-pleaded allegations, "namely, the plausible, nonconclusory, and nonspeculative facts,"

of the complaint as true.  *Warad West, LLC v. Sorin CRM USA Inc.*, 119 F.Supp.3d 1294, 1297

(D. Colo. 2015).

**i.      There is no genuine dispute that Quick Fi and Daniel Hardwick did not make the alleged calls.**

Defendants have presented evidence that Texnicha, and not Quick Fi, made the calls at

issue.  (Declaration of Mark Taliman ("Taliman Decl.") [Dkt. #23-2] ¶¶ 4-5.)  In insisting that

Quick Fi made the calls, Plaintiff continues to rely only on conclusory allegations in its Amended

Complaint ("Amend. Compl." [Dkt. #19]) that the purported caller, "Ana," may be "Diana Bien,"

who Plaintiff speculates is a Quick Fi employee because she allegedly stated she worked

"downstairs" from another purported Quick Fi employee.  (Opp. at 4, 8-9; Amend. Compl. ¶¶ 17-

25.)  Plaintiff, however, has presented no evidence supporting these claims—and has even

attempted to present its own evidence conceding Texnicha made the supposed calls.  (Opp. at 11-

12, Exhibit A.)[2]  Accordingly, Plaintiff has not created a genuine dispute of material fact and is

not entitled to have its conclusory, speculative allegations that Quick Fi employees made the calls

taken as true.  *Presidential Hospitality, LLC*, 333 F.Supp.3d at 1201.

### ii.    Plaintiff has not presented any admissible evidence supporting its theories of vicarious liability and relies on inaccurate, threadbare allegations.

Plaintiff has also not refuted Defendants' evidence that Texnicha is not an agent of Quick

Fi such that Quick Fi could be vicariously liable and subject to jurisdiction in Utah for the alleged

calls.  Despite being presented with sworn declarations to the contrary, Plaintiff claims, without

evidentiary support, that Quick Fi employees provided Texnicha with a list of numbers to dial,

"directed" Texnicha to call Plaintiff's number, and a Quick Fi employee somehow supposedly

"ratified" the calls by not "object[ing]" to the caller's characterization of herself as "'Ana from

downstairs.'"  (Opp. at 12; Amend. Compl. ¶¶ 25, 29, 31.)  The only evidence offered to support

Plaintiff's argument is a series of unauthenticated emails involving Plaintiff, a lawyer, who admits

he posed as "Branden Olsen" to mislead Texnicha into believing he was interested in retaining

Texnicha's services.  Plaintiff made these misrepresentations to gain information about Texnicha's

relationship with Quick Fi.  (Opp. at 11-12, Exhibit A.)  Not only is such evidence clearly

inadmissible,[3] but it was obtained under false pretenses and in violation of Utah's Rules of

---

[2] Clearly, Mr. Hardwick did not personally initiate any of the purported calls to Plaintiff, nor was he involved whatsoever.  (Amend. Compl. ¶¶ 17-25.)  Plaintiff has also failed to dispute that Quick Fi's alleged contacts cannot be imputed to Mr. Hardwick.  (*See* Motion to Dismiss ("MTD") [Dkt. #23] at 10-11.)  Plaintiff simply argues Mr. Hardwick can be personally liable for TCPA violations, but neglects to address how personal jurisdiction over Mr. Hardwick in Utah would somehow be appropriate. (Opp. at 13-14.)

[3] Defendants expressly object to Exhibit A [Dkt. #26-1] attached to Plaintiff's Opposition.  *See In re Grey*, 902 F.2d 1479, 1481-82 (10th Cir. 1990) ("Fed.R.Evid. 901 requires the identification or authentication of a document before it may be admitted into evidence.  A proponent of the evidence will sufficiently identify or authenticate a document by presenting evidence that the proffered document is what its proponent claims it is."); *see also, e.g.*, *In Re Higadera*, No. 11-11315 T13, 2012 WL 5828624, at *5 (Bankr. D.N.M. Nov. 16, 2012) (unpublished) ("To authenticate documents, Fed.R.Evid. 901 requires a witness with knowledge who can testify that an item is what it is claimed to be.") (internal quotations omitted).

Professional Conduct.  Plaintiff, as an attorney, is prohibited from engaging in conduct like the above that involves "dishonesty, fraud, deceit or misrepresentation."  Utah Rules of Professional Conduct, R. 8.4(c).  Plaintiff is thus not entitled to have any factual disputes concerning Quick Fi's relationship with Texnicha resolved in its favor.

Even if Plaintiff's unsupported arguments are taken as true, he still has failed to show Quick Fi can be vicariously liable for the alleged calls.  Defendants do not disagree that the TCPA provides for vicarious liability based on federal common law principles of agency.  Again, however, Plaintiff has only argued, without any factual support, that Quick Fi provided Texnicha with a dialing list, Quick Fi directed Texnicha to call the numbers on the list, and Texnicha's calls were made for Quick Fi's benefit. (Opp. at 11-13; Amend. Compl. ¶¶ 29, 31.)  He has no evidence Quick Fi provided his number to Texnicha, which is the only thing that matters in this case. Without evidence to substantiate these claims, Plaintiff cannot even suggest, much less establish, an agency relationship.  (*See* MTD Section I, C(ii); *e.g.*, *Childress v. Liberty Mut. Ins. Co.*, No. 17-CV-1051 MV/KBM, 2018 WL 4684209, at *4-5 (D.N.M. Sept. 28, 2018) (unpublished) (TCPA claim dismissed because mere allegations call was transferred to defendant's in-house telemarketer did not show defendant controlled the initiation of the telephone call to plaintiff).  In any event, Defendants uncontroverted evidence established these baseless allegations were false.

All this boils down to Plaintiff essentially seeking to impose vicarious liability on Quick Fi based on the sole fact that Texnicha's calls purportedly benefited Quick Fi.  The FCC expressly rejected this argument in the Declaratory Ruling Plaintiff cites.  *See In the Matter of the Joint Petition Filed by Dish Network, LLC, et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 F.C.C. Rcd. 6574, 6585, ¶ 31 (2013) ("A number of parties argue that [the TCPA's] "statutory 'on behalf of' liability extends beyond agency principles to subject the seller to vicarious liability

4

for violations of both section 227(c) and section 227(b) so long as the call is made simply to aid or benefit the seller … We reject these contentions[.]").

Because Plaintiff has not established Texnicha is an agent of Quick Fi, Plaintiff cannot impute Texnicha's alleged contacts to Quick Fi for personal jurisdiction.  (*See* MTD at 14-15; *e.g.*, *Zoobuh, Inc. v. Williams*, No. 2:13-CV-791 TS, 2014 WL 7261786, at *1 (D. Utah Dec. 18, 2014) (dismissing case for lack of jurisdiction where there was no evidence of an agency relationship). Indeed, the only case on which Plaintiff relies to support its argument Texnicha's contacts should be imputed to Quick Fi, *Hernandez v. Chevron U.S.A., Inc.*, holds exactly the opposite where the plaintiff likewise only alleged two entities were "related" in some way, but offered no evidence of control.  347 F.Supp.3d 921, 966-67 (D.N.M. 2018) ("Without an additional proffer or evidence suggesting a more vigorous principal-agent relationship 'there is a very low probability' that Hernandez can establish the requisite contacts even with discovery.").  In sum, Plaintiff has failed to contradict Defendants' credible evidence, and neither Quick Fi nor Mr. Hardwick has sufficient minimum contacts to support the exercise of specific personal jurisdiction in Utah.

## II.    It would not be fair to exercise personal jurisdiction over Defendants.

Defendants have already addressed the fairness factors at length in their Motion to Dismiss (*see* MTD Section I, D), and here simply point out several additional considerations in response to arguments made in Plaintiff's Opposition.  First, Plaintiff cites no case law supporting any of its arguments regarding the fairness factors.  (Opp. at 15-17.)  Second, removing a case to federal court does not "ratif[y]" Utah as an appropriate venue.  *Tai v. Internal Revenue Service*, Civil Action No. 13-cv-00766-RM-BNB, 2013 WL 5878177, at *3 (D. Colo. Nov. 1, 2013) (unpublished).  Third, Plaintiff is an attorney and a serial TCPA litigant who apparently has enough

"resources" to file over ten (10) TCPA cases in the last six months.  He could sue Defendants in their home jurisdiction.

## III. Plaintiff's Amended Complaint admits Mr. Hardwick was not directly involved in the alleged TCPA violations and thus cannot be personally liable.

Again, Plaintiff's Amended Complaint only alleges Mr. Hardwick is the CEO of Quick Fi and purportedly provided a dialing list to Texnicha, which included Plaintiff's number, after allegedly running the list through TCPA and DNC removal software.  (Amend. Compl. ¶¶ 29-31.) While these claims are simply false,[4] even if taken as true for purposes of deciding a 12(b)(6) motion, they do not reflect the type of direct involvement in the conduct prohibited by the TCPA required to sustain personal liability.[5]  Courts finding individual corporate officers personally liable under the TCPA demand "more than mere personal involvement or authorization of TCPA violations." *Appelbaum v. Rickenbacker Grp., Inc.*, No. 12-CV-80251, 2013 WL 12121104, at *3 (S.D. Fla. July 31, 2013) (unpublished).  "Some showing of intentional misconduct or gross failure to implement policies that comply [with the TCPA] should be required." *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-cv-61936, 2013 WL 1283885, at *4, n.1 (S.D. Fla. Mar. 27, 2013) (unpublished).

Here, Plaintiff has alleged no facts reflecting "intentional misconduct" or "gross failure to implement policies," and, to the contrary, has conceded Mr. Hardwick attempted to *comply* with

---

[4] Once more, Plaintiff's unauthenticated evidence is inadmissible.  *In re Grey*, 902 F.2d at 1481-82.  Moreover, only Plaintiff's Amended Complaint can be considered for purposes of the 12(b)(6) motion.  *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998).  Although Defendants cited to the Declarations of Daniel Hardwick and Mark Taliman in the 12(b)(6) section of their Motion to Dismiss to highlight the falsity of Plaintiff's claims, the Court need not consider this evidence and may resolve the 12(b)(6) motion solely on Plaintiff's Amended Complaint.  *Id.*

[5] We note whether personal "participation" liability is even available under the TCPA appears to be an unsettled issue. *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 159-161 (3rd Cir. 2018) (doubting availability of personal participation liability under the TCPA and noting "[i]ndividuals ordinarily are shielded from personal liability when they do business in a corporate form, and … it should not lightly be inferred that Congress intended to disregard this shield") (internal quotations omitted).

TCPA requirements by providing the purported list to Texnicha after scrubbing it using TCPA and DNC removal software. (Amend. Compl. ¶ 29.) This is not the purposeful conduct or gross neglect necessary for personal liability under the TCPA. *Mais*, 2013 WL 1283885, at *4 ("This Court is unwilling to find a corporate officer individually liable where he attempted to implement policies that complied with the statute and did not have any direct participation in the allegedly violative conduct[.]"); *Savanna Grp., Inc. v. Trynex, Inc.*, No. 10 C 7995, 2013 WL 4734004, at *8 (N.D. Ill. Sept. 3, 2013) (unpublished) ("premising Truan's liability solely on his status as the head of marketing would run afoul of the principle that a corporate officer may not be liable for corporate acts based purely on his or her status in the corporation"); *Cunningham v. Capital Advance Solutions, LLC*, Civil Action No. 17-13050, 2018 WL 6061405, at *5 (D.N.J. Nov. 20, 2018) (unpublished) (dismissing claims against corporate officers where plaintiff advanced "generic, conclusory statements" presuming officers personally "'authorized,' 'oversaw and directed'" the calls at issue "based solely upon their status as corporate officials"); *cf. Maryland v. Universal Elections*, 787 F.Supp.2d 408, 415-16 (D. Md. 2011) (finding personal liability where officers were "directly involved in the TCPA violations" and actually recorded and uploaded the messages at issue). Plaintiff has thus failed to state a claim against Mr. Hardwick.

## CONCLUSION

Because Plaintiff has failed to show Quick Fi or Daniel Hardwick have minimum contacts with Utah, jurisdiction over Quick Fi or Daniel Hardwick would otherwise be reasonable, and Daniel Hardwick engaged in any intentional conduct to support personal liability under the TCPA, Quick Fi's and Daniel Hardwick's Motion to Dismiss should be granted in its entirety.

DATED this 12th day of September, 2019.

/s/ Joseph Skinner

Joseph Skinner, #10832
SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.
15 West South Temple, Suite 600
Salt Lake City, Utah 84101
Telephone: (801) 531-7870
Email: joseph@scalleyreading.net

Stuart M. Richter (*pro hac vice granted*)
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4400 telephone
(310) 788-4471 facsimile
stuart.richter@kattenlaw.com
C.A. Bar No. 126231

Andrew J. Demko (*pro hac vice granted*)
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4462 telephone
(310) 712-8436 facsimile
andrew.demko@kattenlaw.com
C.A. Bar No. 247320

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 12th day of September, 2019, I caused a copy of the Defendants Quick Fi Capital Inc.'s and Daniel Hardwick's Reply to Plaintiff's Memorandum in Opposition to Defendants' Second Motion to Dismiss to be served by CM/ECF, email upon the following counsel of record for the Plaintiff:

Rebecca Horne
rhorne@lawhq.com

/s/ Emily Appel

_____
Emily Appel