IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOMAS ALVORD,<br><br>                Plaintiff,<br><br>v.<br><br>QUICK FI CAPITAL INC., a corporation; DANIEL HARDWICK, individually and as CEO of Hardwick Investors Group LLC dba Quick Fi Capital; and TEXNICHA OUTSOURCING SOLUTION, a corporation,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:19-cv-000459-DB<br><br>District Judge Dee Benson |

Before the court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b). Dkt. No. 23. The motion has been fully briefed by both parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

**FACTUAL BACKGROUND**

The following facts are taken from Alvord's complaint. For purposes of Defendants' 12(b)(6) motion, they are accepted as true and viewed in the light most favorable to the plaintiff as the non-moving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). For purposes of Defendants' 12(b)(2) motion, "all factual disputes are resolved in the plaintiff's favor and the plaintiff's prima facie showing is sufficient

notwithstanding the contrary presentation by the moving party." *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir. 1984).

Plaintiff Thomas Alvord brings these claims under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Dkt. No. 19 ¶ 1. Alvord is the sole owner of the mobile phone number 801-735-1968, which is registered on the national Do Not Call List. *Id.* ¶¶ 14-15. Between February 2019 and May 2019, Alvord received 17 unsolicited calls from seemingly related phone numbers. *Id.* ¶ 16. After answering one of the calls, Alvord identified Defendant Hardwick Investors Group, LLC dba Quick Fi Capital (Quick Fi), a New York company, as the source of the phone calls. *Id.* ¶¶ 17-25. He also alleges that the calls were made with an automated dialing system, in violation of the TCPA. *Id.* Quick Fi later sent an email to Alvord claiming that the calls had been made by Defendant Texnicha Outsourcing Solutions (Texnicha), a telemarketing company incorporated in the Philippines. *Id.* ¶¶ 27-29. Alvord alleges that either Texnicha or Quick Fi made the calls, and if Texnicha made the calls, they did so at Quick Fi's request and from a list provided by Quick Fi. *Id.* ¶ 31. Alvord further alleges that Defendant Daniel Hardwick personally manages Quick Fi's dialing leads by (1) providing a list of numbers to call, and (2) running the list through TCPA compliance software before authorizing the calls. *Id.* ¶ 29. Alvord alleges several injuries resulting from the unsolicited calls and seeks statutory damages. *Id.* ¶¶ 33-34, 46-47.

## **LEGAL STANDARD**

Defendants first move to dismiss the complaint on the basis that this court lacks personal jurisdiction over either Quick Fi or Daniel Hardwick. Dkt. No. 23 at 6. In considering a motion to dismiss based on lack of personal jurisdiction pursuant to Rule 12(b)(2), "[t]he plaintiff bears

the burden of establishing personal jurisdiction, but where, as here, the issue is raised early on in litigation, based on pleadings . . . and affidavits, that burden can be met by a prima facie showing." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (*citing Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1069-70 (10th Cir. 2008)). The plaintiff's allegations are "taken as true to the extent they are uncontroverted by the defendant's affidavits." *Behagen*, 744 F.2d at 733. "If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.*

It is undisputed that the TCPA does not authorize nationwide service of process. Where the federal statue does not authorize nationwide service of process, Federal Rule of Civil Procedure 4(k)(1)(a) "commands the district court . . . to apply the law of the state in which the district court sits." *Dudnikov*, 514 F.3d at 1069–70. Utah's long arm statute provides that it "should be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah Code Ann. § 78B–3–201(3). The Utah Supreme Court has stated that "any set of circumstances that satisfied due process will also satisfy the long-arm statute." *SII MegaDiamond, Inc. v. Am. Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998). "This collapses the Utah standard into the more general 'due process' standard for jurisdiction." *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

A due-process analysis of specific personal jurisdiction is a two-step inquiry. First, this court must consider whether the defendant has sufficient "minimum contacts" with the forum state "that he should reasonably anticipate being haled into court there." *World–Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Second, "if the defendant's actions create sufficient minimum contacts, the court must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *OMI Holdings, Inc. v. Royal Ins. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (internal citations and quotation marks omitted).

In addition to their jurisdictional arguments, Defendants move to dismiss the claims related to Daniel Hardwick on the basis that the allegations fail to state a claim upon which relief can be granted. In considering a motion to dismiss pursuant to Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). This court's role "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient." *Miller v. Glanz*, 948 F.2d 1526, 1565 (10th Cir. 1991). In doing so, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

**(1) Motion to Dismiss for Lack of Personal Jurisdiction**

Quick Fi and Hardwick contend that they are not subject to personal jurisdiction in Utah because they do not have sufficient minimum contacts with the state. The minimum-contacts standard may be met through a finding of either general jurisdiction or specific jurisdiction. *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 415 (1984). Alvord does not contend that Quick Fi or Hardwick are subject to general personal jurisdiction in Utah. Dkt. No. 26 at 7. The relevant question, then, is whether the defendants are subject to specific personal jurisdiction in the state. "The minimum contacts necessary for specific personal jurisdiction may be established where the defendant has purposefully directed its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *Trujillo v. Williams*, 465 F.3d 1210, 1218 (10th Cir.2006) (citations and internal quotation marks omitted).

Alvord alleges that Quick Fi either made the calls or provided Texnicha with the list of phone numbers and requested that they call those numbers in order to generate business for Quick Fi. That list included Alvord's number, which has a Utah area code and is therefore identifiable as a Utah phone number. Alvord further alleges that Daniel Hardwick manages Quick Fi's telephone leads and personally provided the list to Texnicha after taking responsibility for TCPA compliance. These factual allegations support the conclusion that Quick Fi and Hardwick directed specific activities—phone calls marketing Quick Fi's services—at citizens of Utah, and Alvord's claims arise out of those activities. Quick Fi and Hardwick dispute these factual allegations, yet for purposes of this motion, "all factual disputes are

resolved in the plaintiff's favor." *Behagen*, 744 F.2d at 733.  The complaint's allegations, then, meet the minimum contacts requirement for personal jurisdiction over Quick Fi and Hardwick.

In addition to finding that a defendant has minimum contacts with the forum state, this court must decide whether the exercise of jurisdiction in this instance would offend traditional notions of fair play and substantial justice.  *Shrader v. Biddinger*, 633 F.3d 1235, 40 (10th Cir. 2011).  In making this determination, courts look to the following factors: "(1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies." *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1296 n. 1 (10th Cir.2004).

Here, the burden on the defendants of litigating this case in Utah will not "offend traditional notions of fair play and substantial justice."  Travel to Utah, should it become necessary, is not a sufficiently offensive burden to meet this standard.  Utah certainly has an interest in assuring that its citizens are not contacted in violation of federal law.  The plaintiff is a Utah resident, and there is no indication that judicial economy would be better served by litigating the case in New York or California.

Alvord has therefore set forth factual allegations sufficient to establish this court's personal jurisdiction over the defendants.

**(2) Motion to Dismiss for Failure to State a Claim**

Defendant Daniel Hardwick moves to dismiss the individual claims against him for failure to state a claim upon which relief can be granted.  Hardwick claims that he cannot be held

personally liable for his actions as an officer of Quick Fi.  The TCPA states that an officer's acts while "acting in the scope of his employment" will be deemed to be acts of the company "as well as of that person." 47 U.S.C. § 217.  An officer who violates the TCPA while acting in the scope of his employment, then, faces individual liability for that violation.

Alvord has alleged that Daniel Hardwick, acting as CEO of Quick Fi, personally provided the calling lists from which Defendant was contacted.  Alvord furthermore alleges that Hardwick took responsibility for TCPA compliance and authorized Texnicha to call the numbers on the list.  Alvord's number remained on that list despite its presence on the national Do Not Call List, in violation of the TCPA.  Taken together, these allegations support the conclusion that Hardwick personally authorized a violation of the TCPA, which may give rise to individual liability under the statute.  Alvord's complaint therefore states a plausible claim for relief against Hardwick individually.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is hereby DENIED.


DATED this 6th day of November, 2019.


BY THE COURT:

Dee Benson
United States District Judge