Joseph Skinner, #10832
SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.
15 West South Temple, Suite 600
Salt Lake City, Utah 84101
Telephone: (801) 531-7870
Email: joseph@scalleyreading.net

Stuart M. Richter (*pro hac vice granted*)
Andrew J. Demko (*pro hac vice granted*)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Tel.	(310) 788-4400
Email: stuart.richter@katten.com
	andrew.demko@katten.com

Rachel A. Oplinger (*pro hac vice granted*)
KATTEN MUCHIN ROSENMAN LLP
550 S. Tryon St., Suite 2900
Charlotte, NC 28202
Tel.	(704) 344-3090
Email: rachel.oplinger@katten.com

Attorneys for Quick Fi Capital Inc. and Daniel Hardwick

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Thomas Alvord**,<br><br>                Plaintiff,<br><br>v.<br><br>**Quick Fi Capital Inc.**, a corporation; **Daniel Hardwick** individually and as CEO of Hardwick Investors Group LLC dba Quick Fi Capital; and **Texnicha Outsourcing Solution**, a corporation,<br><br>                Defendants. | **DEFENDANTS QUICK FI CAPITAL INC.'S AND DANIEL HARDWICK'S ANSWER TO AMENDED COMPLAINT**<br><br><br>Case No. 2:19-CV-000459-DB<br><br>District Judge Dee Benson |

1

Defendants[1] Hardwick Investors Group LLC dba Quick Fi Capital (erroneously sued as Quick Fi Capital Inc. but hereinafter referred to as "Quick Fi") and Daniel Hardwick hereby respond to Plaintiff's Amended Complaint [Dkt. #19] as follows:

With respect to the non-numbered paragraphs describing the allegations Plaintiff added throughout its Amended Complaint, Defendants deny that Defendants are liable to Plaintiff in any manner whatsoever and refer to and incorporate their responses to the specific allegations contained in the numbered paragraphs below.

## INTRODUCTION[2]

1. Defendants admit that Plaintiff purports to bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq., ("TCPA"), refer to the TCPA for its contents, and otherwise deny the allegations in Paragraph 1.

2. Paragraph 2 does not require an answer. To the extent an answer is required, Defendants deny Paragraph 2.

3. Paragraph 3 does not require an answer. To the extent an answer is required, Defendants deny Paragraph 3.

4. Paragraph 4 does not require an answer. To the extent an answer is required, Defendants deny Paragraph 4.

5. Paragraph 5 does not require an answer. To the extent an answer is required, Defendants deny Paragraph 5.

## PARTIES

---

[1] As used herein, "Defendants" refers only to Defendants Quick Fi and Daniel Hardwick.
[2] Section headings reproduced from the Amended Complaint are for organizational purposes only and do not reflect Defendants' admission or denial of the contents thereof.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6 and thus deny the same.

7. The allegations of Paragraph 7 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny Paragraph 7.

8. The allegations of Paragraph 8 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny Paragraph 8.

9. Defendants admit Quick Fi has a place of business at 755 Waverly Avenue, Holtsville, NY. Except as admitted, Defendants deny the allegations of Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10 and thus deny the same.

11. Defendants admit that since March 2015, Quick Fi has arranged financing for two companies that Quick Fi believes were located in the State of Utah, which represented only 0.16% of the total number of financings arranged by Quick Fi during that time period and which are unrelated to any of the conduct alleged in Plaintiff's Amended Complaint. Except as admitted, Defendants deny Paragraph 11.

**JURISDICTION AND VENUE**

12. Answering Paragraph 12, Defendants admit that this matter has been removed to the United States District Court for the District of Utah [Dkt. #2]. The remaining allegations of Paragraph 12 are legal conclusions to which no answer is required. Except as admitted, and to the extent an answer is required, Defendants deny Paragraph 12.

13. Answering Paragraph 13, Defendants admit that this matter has been removed to the United States District Court for the District of Utah [Dkt. #2]. The remaining allegations of

Paragraph 13 are legal conclusions to which no answer is required. Except as admitted, and to the extent an answer is required, Defendants deny Paragraph 13.

## FACTUAL ALLEGATIONS

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 and thus deny the same.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 and thus deny the same.

16. Defendants have never called Plaintiff and deny each and every allegation of Paragraphs 16(a) through 16(q).

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 and thus deny the same.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 and thus deny the same.

19. Defendants deny Paragraph 19.

20. Defendants admit that a person identified as Diana Bien holds herself out as a former Quick Fi employee on LinkedIn. Defendants do not know who this person is. Except as admitted, Defendants deny Paragraph 20.

21. Paragraph 21 does not require an answer. To the extent an answer is required, Defendants deny Paragraph 21.

22. Defendants admit that a person identified as Diana Bien holds herself out as a former Quick Fi employee on LinkedIn. Defendants do not know who this person is. Except as admitted, Defendants deny Paragraph 22.

23. Answering Paragraph 23, Defendants deny Plaintiff's allegation that Defendants or any Quick Fi employees called Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23, which relate to the purported content of an alleged call, and thus deny the same.

24. Answering Paragraph 24, Defendants admit Plaintiff received an email with a loan application from Quick Fi after Quick Fi received an inbound call from Plaintiff. Except as admitted, Defendants deny Paragraph 24.

25. Answering Paragraph 25, Defendants deny Plaintiff's allegation that Defendants or any Quick Fi employees called Plaintiff. Defendants admit Plaintiff received an email with a loan application from Quick Fi after Quick Fi received an inbound call from Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25, which relate to the purported content of an alleged call, and thus deny the same.

26. Answering Paragraph 26, Defendants admit Defendants' attorneys sent a letter to Plaintiff after the original Complaint [Dkt. #6-1] was filed.

27. Answering Paragraph 27, Defendants admit that the letter referred to is in writing and is the best evidence of its contents. Except as admitted, Defendants deny Paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief about the allegations of Paragraph 28 and thus deny the same.

29. Answering the allegations of Paragraph 29, Defendants lack knowledge or information sufficient to form a belief about the extent of Texnicha's alleged communications with Plaintiff, and respond specifically to the allegations of Paragraph 29 as follows:

    a. Defendants deny Paragraph 29(a).

   b. Defendants deny Paragraph 29(b).

   c. Defendants deny Paragraph 29(c).

   d. Answering Paragraph 29(d), Defendants deny that Defendants provide Texnicha with a dialing list. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29(d) and thus deny the same.

   e. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29(e) and thus deny the same.

   f. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29(f) and thus deny the same.

   g. Defendants deny Paragraph 29(g).

30. Answering Paragraph 30, Defendants admit Daniel Hardwick is the CEO of Quick Fi and that Alex Cutrone works with Quick Fi. Except as admitted, Defendants deny the allegations of Paragraph 30.

31. Answering Paragraph 31, Defendants deny Quick Fi's CEO controlled and provided any calling list that Texnicha purportedly used to call Plaintiff. Defendants deny that Defendants or any Quick Fi employees called Plaintiff. Defendants deny Quick Fi is vicariously liable for any of the alleged calls and deny that the alleged calls were made to benefit Quick Fi, that Quick Fi had the right to control, the ability to control, or otherwise should have controlled the actions of any alleged third party. The remaining allegations of Paragraph 31 do not require an answer. To the extent an answer is required, Defendants deny the remaining allegations of Paragraph 31.

32. Defendants deny that Defendants called Plaintiff. The remaining allegations of Paragraph 32 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations of Paragraph 32.

33. Defendants deny that Defendants called Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff answered or reviewed any of the alleged calls and thus deny the same. The remaining allegations of Paragraph 33 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations of Paragraph 33.

34. Defendants deny that Defendants called Plaintiff. Defendants deny that any alleged calls depleted Plaintiff's phone battery, caused Plaintiff to pay for electricity to recharge his phone, or prohibited Plaintiff from using his phone while it was recharging. The remaining allegations of Paragraph 34 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations of Paragraph 34.

35. Defendants admit that Quick Fi has previously conducted limited business in Utah, which is unrelated to any of the conduct alleged in Plaintiff's Amended Complaint. Defendants deny that Defendants engaged in any conduct in Utah relative to the Amended Complaint. The remaining allegations of Paragraph 35 are legal conclusions to which no answer is required. Except as admitted, and to the extent an answer is required, Defendants deny Paragraph 35.

36. Defendants deny Paragraph 36.

37. Defendants deny Paragraph 37.

38. Defendants deny Paragraph 38.

39. Answering Paragraph 39, Defendants deny that Defendants or any Quick Fi employees called Plaintiff or used an automatic telephone dialing system. The remaining allegations of Paragraph 39 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations of Paragraph 39.

40. Defendants deny that Defendants called Plaintiff. The remaining allegations of Paragraph 40 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations of Paragraph 40.

41. Answering Paragraph 41, Defendants deny that Defendants called Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the allegations that Plaintiff did not provide Defendants or Texnicha with Plaintiff's personal information or cellular telephone number, that Plaintiff did not previously contact Defendants or Texnicha before the alleged calls, and thus deny the same. Defendants also deny the allegation that Texnicha is Quick Fi's agent. The remaining allegations of Paragraph 41 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations of Paragraph 41.

42. Defendants deny that Defendants called Plaintiff. The remaining allegations of Paragraph 42 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations of Paragraph 42.

## STANDING

43. The allegations of Paragraph 43 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny Paragraph 43.

44. The allegations of Paragraph 44 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny Paragraph 44.

### *A. The "Injury in Fact" Prong*

45.     The allegations of Paragraph 45 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny Paragraph 45.

46.     Answering Paragraph 46, Defendants deny that Plaintiff was called on his cellular phone by Defendants and that Defendants utilized an ATDS and a pre-recorded voice or artificial voice paired with a voice recognition system.  The remaining allegations of Paragraph 46 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny Paragraph 46.

47.     Answering Paragraph 47, Defendants deny calling Plaintiff's cell phone using an ATDS.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff alone is responsible to pay the bill on his cellular phone and thus deny the same.  The remaining allegations of Paragraph 47 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny Paragraph 47.

### *B. The "Traceable to the Conduct of Defendant" Prong*

48.     The allegations of Paragraph 48 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny Paragraph 48.

49.     Answering Paragraph 49, Defendants deny that Defendants called Plaintiff's cellular phone and deny that Defendants are vicariously liable to any third party.  The remaining allegations of Paragraph 49 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations of Paragraph 49.

### *C. The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

50.     The allegations of Paragraph 50 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny Paragraph 50.

51. Answering Paragraph 51, Defendants admit that Plaintiff's Amended Complaint is in writing and is the best evidence of its contents. Defendants deny that Defendants made any calls to Plaintiff. The remaining allegations of Paragraph 51 are legal conclusions to which no answer is required. Except as admitted, and to the extent an answer is required, Defendants deny Paragraph 51.

52. Answering Paragraph 52, Defendants admit that Plaintiff's Amended Complaint is in writing and is the best evidence of its contents. The remaining allegations of Paragraph 52 are legal conclusions to which no answer is required. Except as admitted, and to the extent an answer is required, Defendants deny Paragraph 52.

53. The allegations of Paragraph 53 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny Paragraph 53.

## FIRST CAUSE OF ACTION:

## ILLEGAL USE OF AN ATD OR PRERECORDED VOICE

## 47 U.S.C. § 227(b)

54. Defendants incorporate by reference each response contained in the preceding paragraphs of this Answer as though fully stated herein.

55. Answering Paragraph 55, Defendants deny using an ATDS to contact Plaintiff. The remaining allegations of Paragraph 55 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations of Paragraph 55.

56. Defendants deny Paragraph 56.

57. Defendants deny Paragraph 57.

58. Defendants deny Paragraph 58.

## SECOND CAUSE OF ACTION:

## ILLEGAL SOLICITATION OF PERSONS ON THE DO NOT CALL LIST

## ACT 47 U.S.C. § 117(c)

59. Defendants incorporate by reference each response contained in the preceding paragraphs of this Answer as though fully stated herein.

60. Answering Paragraph 60, Defendants deny contacting Plaintiff's cellular phone number. The remaining allegations of Paragraph 60 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations of Paragraph 60.

61. Defendants deny Paragraph 61.

62. Defendants deny Paragraph 62.

63. Defendants deny Paragraph 63.

## RELIEF SOUGHT BY PLAINTIFF

64. Answering Paragraphs 64 through 68, Defendants deny that Defendants are liable to Plaintiff in any amount or manner whatsoever and further deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

65. Defendants deny each and every allegation in the Amended Complaint that is not expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

## (DEFENDANTS QUICK FI AND DANIEL HARDWICK)

## FIRST DEFENSE

66. The Amended Complaint fails to state a claim upon which relief may be granted as to both Defendants.

### SECOND DEFENSE

67. Defendants allege that their actions, conduct and dealings were lawful as authorized by applicable state and federal statutes, rules and regulations, and such actions and conduct were carried out in good faith for legitimate purposes.

### THIRD DEFENSE

68. Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA.

### FOURTH DEFENSE

69. Plaintiff's claims were caused by third parties who are not agents of Defendants and over whom Defendants have no control. Defendants did not authorize or ratify any alleged conduct of such third parties.

### AFFIRMATIVE AND OTHER DEFENSES
### (DEFENDANT DANIEL HARDWICK)

### FIRST DEFENSE

70. Mr. Hardwick did not have direct, personal participation in any conduct allegedly violating the TCPA, nor did he personally authorize, ratify or have any knowledge whatsoever of any alleged TCPA violations.

### SECOND DEFENSE

71. Quick Fi is a separate corporate entity such that Mr. Hardwick cannot be personally liable under an alter ego theory of liability.

### ADDITIONAL DEFENSES

72. Defendants reserve the right to assert any additional affirmative or other defenses that become available or apparent during the pendency of this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for relief as follows: (i) that Plaintiff takes nothing by way of the Amended Complaint; (ii) that judgment be entered in favor of Defendants and against Plaintiff; (iii) that Defendants be awarded their costs of suit incurred herein; and (iv) any other relief the Court deems appropriate.

Dated: November 27, 2019

    Respectfully submitted,

    BY: KATTEN MUCHIN ROSENMAN LLP

        */s/ Rachel A. Oplinger*

        Stuart M. Richter (*pro hac vice granted*)
        Katten Muchin Rosenman LLP
        2029 Century Park East, Suite 2600
        Los Angeles, CA 90067
        (310) 788-4400 telephone
        (310) 788-4471 facsimile
        stuart.richter@kattenlaw.com
        C.A. Bar No. 126231

        Andrew J. Demko (*pro hac vice granted*)
        Katten Muchin Rosenman LLP
        2029 Century Park East, Suite 2600
        Los Angeles, CA 90067
        (310) 788-4462 telephone
        (310) 712-8436 facsimile
        andrew.demko@kattenlaw.com
        C.A. Bar No. 247320

        Rachel A. Oplinger (*pro hac vice granted*)
        Katten Muchin Rosenman LLP

        550 S. Tryon St., Suite 2900
        Charlotte, NC 28202
        (704) 344-3090 telephone
        (704) 444-2050 facsimile
        rachel.oplinger@kattenlaw.com
        N.C. Bar No. 52320

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I certify that on this 27th day of November, 2019, I caused a copy of the foregoing Answer to Amended Complaint to be served by CM/ECF and email upon the following counsel of record for the Plaintiff:

Rebecca Horne
LawHQ, LLC
299 S. Main St. #1300
Salt Lake City, UT 84111
Phone: (385) 233-6612 x3152
Email: rhorne@lawhq.com

/s/ Rachel Oplinger

Rachel Oplinger